FILED
JUL 12 2018
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,<br>*Plaintiff* | §<br>§<br>§ |
| VS | § Case No. 6:18-CV-44<br>§ |
| SHAWN M. ALOSI and LINDSAY M. ALOSI,<br>*Defendants* | §<br>§<br>§ |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN,
      UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(c) and Rules 1(h) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. For the reasons stated below, the undersigned **RECOMMENDS** that the Motion for Default Judgment be **GRANTED**. ECF No. 13.

### I. BACKGROUND

On or about July 26, 2001, Defendant Shawn M. Alosi executed a promissory note (the "Note") payable to Guaranty Residential Lending, Inc. Pl.'s Compl. ¶ 5, ECF No. 1. Shawn M. Alosi and Lindsay M. Alosi executed the Deed of Trust (the "Security Instrument" and in combination with the Note, the "Loan Agreement"), granting a security interest in real property located in Bell County, Texas. *Id.* ¶ 6. The property located at 1141 Ashley Drive, Nolanville, TX 76559-4504 and "described as:

> LOT TWELVE (12), IN BLOCK THREE (3), OF NOLANVILLE ESTATES, FIRST REPLAT IN CITY OF NOLANVILLE, BELL COUNTY, TEXAS,

      ACCORDING TO THE PLAT OF RECORD IN CABINET A, SLIDE 373-C,
      PLAT RECORDS OF BELL COUNTY, TEXAS.

(the "Property")." *Id.*

Ocwen Loan Servicing, LLC ("Ocwen") is the legal owner and holder of the Note and the mortgagee as defined in § 51.0001(4) of the Texas Property Code. *Id.* ¶ 7. Shawn M. Alosi has failed to make payments on the Note and has failed to comply with any and all of the covenants and conditions of the Security Instrument. *Id.* ¶ 10. Notice of default was sent to Shawn M. Alosi in accordance with § 51.002(d) of the Texas Property Code. *Id.*

On February 2, 2018, Ocwen filed a complaint seeking authorization to either invoke the power of sale in the Security Instrument and foreclose on the Property pursuant to Texas Property Code § 51.002, or alternatively, judicial foreclosure, and an award of attorney's fees, costs, and other financial relief to which Ocwen is justly and legally entitled. *Id.* ¶ 19.

On February 26, 2018, Lindsay M. Alosi was served with the complaint via personal service. Orig. Mot. for Default J. at 1, ECF No. 8. On March 1, 2018, Shawn M. Alosi was served with the complaint via personal service. *Id.* Defendants have not answered, appeared, or otherwise defended themselves in this action. *Id.*

On April 2, 2018, Ocwen requested entry of default against the defendants. *Id.* On April 2, 2018, the District Clerk's Office filed an entry of default. Clerk's Entry of Default, ECF No. 9. On April 2, 2018, Ocwen filed the Original Motion for Default Judgment. ECF No. 8. The request for entry of default and the Motion for Default Judgment, along with the proposed orders, were mailed to each of the defendants at the same location where they were personally served. Ocwen requests a default judgment allowing foreclosure of the property and seeks reasonable and necessary attorney's fees. Am. Mot. For Default J. at 3–4, ECF No. 13.

## II. LEGAL STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After a defendant has defaulted, judgment shall be entered upon affidavit of the amount due if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Fed. R. Civ. P. 55(b). The plaintiff must file an affidavit stating whether the defendant is in military service before the Court can issue a default judgment. 50 U.S.C.A. § 3931 (West) (formerly 50 App. U.S.C. § 521(b)(1)).

Default judgments "are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir. 1989)). The plaintiff "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Settlement Funding, LLC v. TransAmerica Occidental Life Ins. Co.*, 555 F.3d 422, 424 (5th Cir. 2009).

"In order to obtain a default judgment, Ocwen must establish that (1) default was entered against the Defendants; (2) the Defendants are neither minors nor incompetent persons; (3) Defendants are not in military service; and (4) the Defendants were provided with notice of the motion for default judgment." *Ocwen Loan Servicing, LLC v. Deane*, No. 4:15-CV-00682-O-BP, 2017 WL 6816499, at *2 (N.D. Tex. Dec. 1, 2017). After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true. *U.S. for Use of M–Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

A party is entitled to enforce the power of sale clause in the Security Instrument if the party can show that: "(1) a debt exists, (2) the debt is secured by a lien on homestead property as allowed

3

by the Texas Constitution, (3) the [debtor is] in default under the note and the security instrument, and (4) [the debtor] received notice of default and acceleration. *Babineaux v. Citimortgage, Inc.,* No. 02-17-00124-CV, 2017 WL 6616239 (Tex. App.—Fort Worth, Dec. 21, 2017, pet. filed); *Wells Fargo Bank v. Jackson*, 5:15-CV-00992-XR, 2016 WL 4991716, at *3 (W.D. Tex. Sept. 16, 2016) (citing *Marshall v. Deutsche Bank Nat'l Trust* Co., No. SA-13-CV-937-OLG, slip op. at 14–15 (W.D. Tex. Sept. 21, 2014)). As a prevailing party, Ocwen can recover costs and attorney's fees from the Defendant. 28 U.S.C. §§ 2412(a)(1), (2)(b); *United States v. Cisneros*, CV B-16-23, 2017 WL 1155909, at *1 (S.D. Tex. Jan. 30, 2017), report and recommendation adopted, CV B-16-023, 2017 WL 1134132 (S.D. Tex. Mar. 27, 2017) (citing *U.S. v. Chapa*, No. C–07–005, 2007 WL 4198387 (S.D. Tex. Nov. 23, 2007)).

### III. DISCUSSION

Default judgment is procedurally warranted in this case. The defendants have "failed to plead or otherwise respond" in this matter, despite receiving personal service of the complaint and summons. *Ocwen*, 2017 WL 6816499, at *2. The District Clerk's Office filed an entry of default on April 2, 2018. The Court has waited more than sixty days since the Motion for Default Judgment was filed, but the defendants still have taken no action to defend this case. Finally, Ocwen has submitted affidavits that the defendants are not in military service. Mot. for Default Judg. at 5–7.

The Court finds the decision in *Wells Fargo Bank v. Jackson* cited above particularly instructive. In *Wells Fargo,* Judge Xavier Rodriguez of the Western District of Texas held Wells Fargo properly pled a substantive cause of action within its complaint, which authorized a default judgment allowing for foreclosure. *Wells Fargo,* 2016 WL 4991716, at *3. The complaint properly alleged Defendants owed a debt and provided evidence of the debt's existence, which is allowed under the Texas Constitution. *Id.* Wells Fargo alleged Defendants had not made payments since

2005 and were in default. *Id.* Lastly, Wells Fargo provided notice of default and notice of its intent to accelerate to Defendants. *Id.* Because Wells Fargo properly pled a substantive cause of action to obtain a judicial foreclosure, the Court granted the motion for entry of default judgment. *Id.*

Ocwen has sufficiently set forth facts entitling it to an entry of default and enforcement of the purchase money loan. Ocwen has established that defendants have failed to make payments on the Note, that Ocwen owns the promissory note issued to the defendants and secured by the execution of the Deed of Trust, that the note is in default, the debt is allowed by the Texas Constitution, and Ocwen provided notice of default and notice of intent to accelerate to the Defendant's last known addresses. Pl.'s Compl. at 3–4; *see U.S. v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001) (holding that because no party disputes the competency of the evidence, it may be relied upon for entry of default judgment). Based upon these facts, Ocwen has pled all of the elements necessary to succeed in enforcing the power of sale clause in the Security Instrument against the borrowers.

Ocwen is entitled to a default judgment for what is demanded in the pleadings. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). In addition to the forced foreclosure of the property, Ocwen also seeks attorney's fees and costs in this action. However, Ocwen has not provided the Court with the calculations for the amount of costs or the amount of reasonable and necessary attorney's fees incurred. Pl.'s Compl. at 2. Accordingly, Ocwen is instructed to provide such information within seven days from the entry of the Report and Recommendation.

## IV. CONCLUSION AND RECOMMENDATIONS

After thoroughly reviewing the record, the undersigned **RECOMMENDS** that the Court issue a default judgment against Shawn M. Alosi and Lindsay M. Alosi for: (1) foreclosure of the property in accordance with the Security Instrument (representing the amount defendants are in default on the promissory note); (2) interest that continues to accrue on the principal, until the date of judgment; (3) post-judgment interest entered pursuant to 28 U.S.C. § 1961; and, (4) all costs of court and reasonable and necessary attorney's fees to be determined by the Court.

The parties may wish to file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**SIGNED** July 11, 2018.

JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE